IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronald F. Wise,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security,<br><br>    Defendant.<br>_____ | Civil Action No.  8:06-1981-TLW-BHH<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

  The plaintiff, Ronald F. Wise, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

### RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

  The plaintiff was 54 years old on the date of the Administrative Law Judge's (ALJ) decision. (Tr. at 16, 46.)  The plaintiff has a high school education and one year of technical training. (Tr. at 241.)  He has worked in the relevant past as a training instructor and department supervisor for an industrial company. (Tr. at 16, 58.)   The plaintiff's alleged onset date of disability is May 20, 2004. (Tr. at 46.)

  The plaintiff filed an application for DIB on May 24, 2004 claiming disability for depression, hypertension, and spinal impairments. (Tr. at 46-48.)  The plaintiff's application

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

was denied initially and upon reconsideration. (Tr. at 29-43.) Following a *de novo* hearing before an ALJ on August 11, 2005 (Tr. at 238-73), the ALJ issued an unfavorable decision finding that the plaintiff was not disabled because he could perform his past relevant work. (Tr. at 16-21.) On June 14, 2006, the Appeals Counsel denied the plaintiff's request for review (Tr. at 7-9), thereby making the ALJ's decision the final decision of the Commissioner.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in § 216(i) of the Social Security Act and is insured for benefits the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's history of lumbar surgery and fusion, history of cervical surgery, history of sacroiliac fusion, and status post left sciatic nerve decompression are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's allegations regarding his limitations are not substantiated by the total evidence of record, and not credible.

6. The claimant has retained the functional capacity to perform work related activities at the light exertional level, except for work requiring more than occasional stooping, twisting, crouching, kneeling, and climbing of stairs or ramps.

7. The claimant's past relevant work as a supervisor and training instructor did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565.

8. The claimant's medically determinable impairments do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f).

**APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner

3

may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find him disabled. Specifically, the plaintiff alleges that the ALJ erred in (1) failing to find that he meets the criteria of Listings 1.04A and (2) disregarding the testimony of the vocational expert. The Court will address each in turn.

**I.     Listing Analysis**

The plaintiff first complains that the ALJ erred in failing to conclude that his impairments were severe enough to meet or equal one of the listing impairments. Specifically, the plaintiff claims that his back impairments meet Listing 1.04A - Disorders of the Spine. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.04A, 11.04. While the Court makes no determination as to whether the plaintiff's impairments meet or equal any Listing, the Court does find that the ALJ did not perform the analysis as required by the Fourth Circuit, in *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986), to specifically compare each of the criteria of Listing 1.04A with the evidence of the plaintiff's symptoms.

Generally, "[f]or a claimant to show that [his] impairment matches a Listing, [he] must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Importantly, the ALJ must first identify the relevant listed impairments. *Cook*, 783 F.2d at1173. "He should then [compare] each of the listed criteria to the evidence of [the claimant's] symptoms." *Id*.; *see also* 20 C.F.R. § 416.926(a). "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook*, 783 F.2d at1173.

The defendant expressly admits that the ALJ failed to apply the above prescribed analysis and "discuss the specifics of th[e] Listing in the decision . . . ." (Def. Brief at 13 n.12.) Instead, the ALJ included only the boilerplate conclusion that the plaintiff "does not have an impairment or combination of impairments which meets or equals any section of the Listing of Impairments." (Tr. at 17.) Although the ALJ suggests that the conclusion will be supported "as shown below," no actual analysis of the Listing or comparison to the evidence ever follow. The defendant concedes as much. By contrast, the ALJ in *Cook* actually performed a limited comparison that was still rejected by the Fourth Circuit as deficient. *See Cook*, 783 F.2d at1173.

In defense of the ALJ's decision, however, the defendant claims that the ALJ made a thorough analysis of the medical evidence in determining non-disability and, therefore,

5

any failure to make specific reference to the Listing is harmless. The defendant cites to Eighth and Ninth Circuit decisions which suggest that specific reference under the circumstances is unnecessary.

Notwithstanding the decisions of other circuit courts of appeal and the relative thoroughness of the ALJ's consideration of the evidence, the Fourth Circuit has made it clear that an express identification of the relevant Listing and a criteria-by-criteria comparison are fundamentally necessary. *Cook*, 783 F.2d at 1172-73. Neither was even perfunctorily done. These procedural requirements are necessary to "facilitate judicial review." *Id*. The Court cannot adjudge whether substantial evidence existed to support an analysis and conclusion never properly performed.

The defendant in his brief has attempted to show how the required analysis, if expressly conducted, would render the same conclusion as reached by the ALJ. But, the the ALJ is uniquely qualified to make the required comparison and the Court is always disinclined to perform a technical analysis, for the first time on review, that the ALJ has failed to make, either in whole or in part. The Court simply believes that the issue and litigants are better served by the more expert consideration of the ALJ, as complemented by the substantial evidence review of the Court.

The plaintiff has proffered some evidence that a proper comparison will reveal that he meets the listings. In regards to Listing 1.04A's requirement of nerve root compression, the plaintiff has highlighted an MRI showing mild diffuse bulging of the disc at L5-S1 with mild neural foraminal narrowing especially on the left. The MRI also showed interbody fusion screws noted at L3/4 and L4/5. Compression screws were noted at L3, L4 and L5, as well as posterior laminectomy at these levels. (Tr. 203; see also 204). Concerning the Listing criteria that the plaintiff must have suffered motor loss from the impairment, the plaintiff has also submitted some evidence. (Tr. at 206, 210, 228, 230, 232-34, 236-37.)

As stated, however, it is not the Court's place to now perform a *de novo* analysis of the impairments and Listing criteria. Upon remand, the ALJ should compare each of the

criteria in Listing 1.04A to evidence of the plaintiff's spinal symptomology and prepare a written decision which expressly reflects that comparison.  *Id*.

As a final matter, the defendant contends that the ALJ's failure to perform a Listing analysis should be excused because the plaintiff has worked in spite of his back impairments and only stopped working because he lost his job due to downsizing.  *See Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990); *see also Goff v. Barnhart*, 421 F.3d 785, 792-93 (8th Cir. 2005) ("The fact that [claimant] worked with the impairments for over three years after her strokes, coupled with the absence of evidence of significant deterioration in her condition, demonstrate the impairments are not disabling in the present.")  It would seem logical, however, and the cases cited above appear to confirm, that such an argument would only be relevant to steps 4 and 5 of the sequential disability analysis – whether the plaintiff has an impairment which prevents past relevant work and whether he has an impairment which prevents him from doing substantial gainful employment.  If a claimant's impairment meets or exceeds a specific Listing, however, then he is disabled as a matter of law and entitled to benefits without any further analysis of his ability, present or prior to perform work.  *See, e.g., Long v. Apfel*,  2000 WL 1469542, at *3 n.1 (W.D. Va. August 23, 2000) ("Because step 3 determines whether the claimant is disabled as a matter of law, if the claimant carries the burden on step 3, he is awarded benefits and the case is over.")  As stated, if an individual is found not disabled at any step, further inquiry is simply unnecessary.  *See Hall*, 658 F.2d at 264.

**II.     Vocational Expert Hypotheticals**

The plaintiff next complains that the ALJ did not accept the testimony of the vocational expert ("VE") that there were no jobs within the national economy which the plaintiff could perform.  The plaintiff, however, relies upon the VE's response to a fourth hypothetical posed by the ALJ to the VE.  (Tr. at 270-71.)  It is true that based on the limitations represented in that hypothetical, the VE found that no jobs existed.  *Id*.  But, the VE, in response to other hypotheticals, had concluded that there were jobs which the

plaintiff could perform. (See Tr. at 19, 264-70.) Specifically, the ALJ relied upon the VE's response to the first hypothetical that the plaintiff could continue to perform work as a supervisor. (Tr. at 19, 264.)

In fairly conclusory fashion, the plaintiff contends that substantial evidence supported the limitations reflected in the fourth hypothetical. The plaintiff, however, does not, in any way, contest the limitations reflected in the other hypotheticals or contend that substantial evidence did not exist for the ALJ to rely upon the VE's response to them. As the defendant points out, even if substantial evidence exists to support the limitations in hypothetical four, the issue before the Court is whether there was substantial evidence to support the ALJ's decision to rely on a different hypothetical. *Blalock*, 483 F.2d at 775.

The Court has reviewed the limitations reflected in the ALJ's first hypothetical, upon which he relied, and finds that his decision to rely on it over hypothetical four is supported by substantial evidence, namely the opinions of a Dr. Michael A. Amaral, a spine specialist, and two State agency physicians. (See Tr. at 19, 205, 121-28, 161-68, 264.) Greater specificity by the Court is unnecessary, because the plaintiff does not contend otherwise. Therefore, if the plaintiff is found not to meet the criteria of Listing 1.04A on remand, then the plaintiff has not presented any legal argument or evidence sufficient to disturb the ALJ's reliance on the VE's response to the first hypothetical and the limitations reflected therein.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence.  It is, therefore, ORDERED, for the foregoing reasons, that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings as set forth above.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 20, 2007
Greenville, South Carolina

9